# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 356 |
| | ) | |
| MORTGAGE ACCEPTANCE | ) | Judge Joan H. Lefkow |
| CORPORATION, HOMECOMINGS | ) | |
| FINANCIAL, BANK ONE NATIONAL | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of defendants Homecomings Financial Network, Inc. and Bank One N.A., as Trustee n/k/a JPMorgan Chase Bank, National Association (collectively "defendants") motion to dismiss plaintiff Barbara Spencer's ("Spencer") Amended Complaint pursuant to Rules 7, 8, 12(b)(1), and 12(b)(6), Fed. R. Civ. P. Defendants also have moved for sanctions against Spencer and her attorney, pursuant to Rule 11, Fed. R. Civ. P. For the reasons stated below, the court grants defendants' motion to dismiss and grants in part and denies in part defendants' motion for sanctions.

## I. MOTION TO DISMISS STANDARDS

Rule 12(b)(1), Fed. R. Civ. P., provides that a case will be dismissed if the court lacks the statutory authority to hear and decide the dispute. The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *See United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*en banc*). If subject matter jurisdiction is not evident from

the face of the complaint, the court analyzes the motion to dismiss under Rule 12(b)(1) as any other motion to dismiss and assumes for purposes of the motion that the allegations in the complaint are true. Where, as here, however, the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other materials to support the motion. The burden of proof on the Rule 12(b)(1) issue is on the party asserting jurisdiction. *Id.*

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

## II. ALLEGATIONS OF THE AMENDED COMPLAINT

Spencer is the owner of the property located at 3719 W. Lexington in Chicago, Illinois (the "Property"). (Spencer Affidavit, Exhibit A at ¶ 1.)[1] On November 30, 1999, Spencer signed a note and mortgage for the Property with Mortgage Acceptance Corporation ("MAC"). (*Id.* at ¶ 2.) MAC

---

[1] In ¶ 9 of her Amended Complaint, Spencer incorporates the allegations included in her Affidavit, which is attached as Exhibit A to her Amended Complaint. *See* Rule 10(c), Fed. R. Civ. P. ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

2

failed to provide Spencer with a Good Faith Estimate within three days of her loan application. (Complaint at ¶ 12.)[2] Spencer was misled into believing that she was receiving a loan at or below market rate. (*Id.* at ¶ 14.) MAC subsequently assigned, transferred, or sold Spencer's mortgage to Homecomings Financial Network, Inc. ("Homecomings"). (*Id.* at ¶ 18.)

Spencer contacted Homecomings in September of 2002 regarding a repayment agreement. (*Id.* at ¶ 21.) She entered into a repayment agreement with Homecomings on October 16, 2002. (*Id.* at ¶ 23). Spencer was misled into believing that the repayment agreement would make her mortgage payments more affordable; however, her mortgage payments increased by $375.04 and the repayment agreement included an initial required payment of $4,000. (*Id.*) At the time she entered into the repayment agreement, Spencer was two months behind in her mortgage payments. (*Id.*) On or about October 24, 2002, Homecomings terminated the repayment agreement for non-payment of the scheduled installments. (*Id.* at ¶ 24; Exhibit B.) Thereafter, on March 21, 2003, Homecomings notified Spencer of its refusal to accept her last payment of $1,733.22, stating that the foreclosure process had begun already. (*Id.* at ¶ 25.) Spencer was making payments at that time to Homecomings, and Homecomings had accepted a payment from Spencer on March 13, 2003. (*Id.* at ¶ 25.)

On March 27, 2003, Spencer entered into another repayment agreement with Homecomings, which Homecomings terminated on August 4, 2003 for non-payment. (*Id.* at ¶¶ 26-27.) Homecomings terminated this repayment agreement even though it was accepting Spencer's

---

[2] In ¶ 8 of her Amended Complaint, Spencer incorporates by reference many of the factual allegations first asserted in her original complaint ("Complaint"). *See* Rule 10(c), Fed. R. Civ. P. ("Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion.").

payments, with the last accepted payment being Spencer's August 4, 2003 payment. (*Id.* at ¶ 27.)

Bank One filed a foreclosure complaint against Spencer on October 27, 2003 in the Circuit Court of Cook County, Chancery Division. (*Id.* at 28.) Spencer, acting *pro se*, responded to the complaint with an answer and affirmative defenses. (*Id.* at ¶ 29.) A judgment of foreclosure was entered against Spencer on September 15, 2004. (*Id.* at ¶ 30.) Spencer then obtained legal counsel and, on November 29, 2004, filed a motion to vacate the judgment of foreclosure. (*Id.* at ¶ 32.)

At the time Spencer filed her complaint in the present matter, she stood to lose her property, down payment, all funds invested in repairs and upgrades to the property, all payments made on the loan associated with the property, and substantial equity. (*Id.* at ¶ 37.)

## III. PROCEEDINGS IN THE CIRCUIT COURT OF COOK COUNTY

The Circuit Court of Cook County denied Spencer's motion to vacate the judgment of foreclosure on January 4, 2005 but granted Spencer leave to amend her second motion to vacate. (January 4, 2005 Order, Defendants' Exhibit B.)[3] On March 14, 2005, the court denied Spencer's second amended motion to vacate. (March 14, 2005 Order, Defendants' Exhibit C.) On April 28, 2005, the Circuit Court of Cook County denied Spencer's motion to stay the judicial sale of her property. (April 28, 2005 Order, Defendants' Exhibit D.)

More recently, on February 24, 2006, the Circuit Court of Cook County entered an order approving the foreclosure report of sale and distribution and order for possession and deed. (February 24, 2006 Order, Defendants' Reply Exhibit A.) The court also gave Spencer sixty days,

---

[3] In ruling on a motion to dismiss, the court may take judicial notice of matters of public record, including pleadings and orders in previous cases. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-82 (7th Cir. 1997) (collecting cases).

4

until April 10, 2006, to redeem the Property. (*Id.*)

IV. **PROCEEDINGS IN THE NORTHERN DISTRICT OF ILLINOIS**

Spencer filed her original complaint in this court on January 20, 2005. (Docket #1.) Homecomings and Bank One filed their motion to dismiss Spencer's complaint on April 28, 2005. (Docket #19.) On May 3, 2005, Spencer filed an emergency motion for a temporary injunction to stay the sale of the Property. (Docket #21.) The court denied Spencer's emergency motion the same day. (Docket #23.)

In denying Spencer's emergency motion, Chief Judge Kocoras, who was sitting in this court's stead, asked the parties whether a *res judicata* problem existed, as the Circuit Court of Cook County had rejected Spencer's motions to vacate the judgment of foreclosure. Judge Kocoras asked the parties what issues were litigated in state court and what reasons were offered by Spencer to have the judgment vacated. Counsel for Spencer responded that she had offered issues similar to those that are presented in the complaint, which confirmed Judge Kocoras's concerns that Spencer was asking this court to review the state court's decision. Accordingly, Judge Kocoras denied Spencer's emergency motion.

On November 8, 2005, this court granted defendants' motion to dismiss Spencer's complaint in its entirety. (November 8, 2005 Order, Docket #35.) Spencer's original complaint had invoked this court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 by asserting a claim for violation of the Truth in Lending Act ("TILA") and various state law claims. The court determined that Spencer had failed to state a claim under the TILA because the Property was purchased for investment purposes and the TILA does not apply to business transactions. (*Id.*) Because Spencer

5

had failed to state a TILA claim, the court declined to exercise its supplemental jurisdiction over Spencer's state law claims and dismissed the complaint without prejudice to Spencer filing an amended complaint within twenty-one days of the order. (*Id.*)

In her Amended Complaint, Spencer alleges that defendants' deceptive and unfair foreclosure tactics have caused her property to be sold at a judicial sale and wrongfully prevented her from redeeming her property. (Amended Complaint at ¶ 12.) She alleges claims of conspiracy to deprive her of her civil rights pursuant to 42 U.S.C. §§ 1983 and 1985 (count I); violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (count II); violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") (count IX); violation of the TILA[4] (count X); violation of the Illinois Consumer Fraud Act, 815 ILCS 505/1 (count VII), and state law claims of civil conspiracy (count III), negligence (count IV), intentional infliction of emotional distress (count V), fraud (count VI), and breach of contract (count VII). She seeks compensatory damages, attorney's fees, and punitive damages (count XI).

## V. ANALYSIS

Defendants have moved to dismiss Spencer's Amended Complaint, arguing (1) the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; (2) plaintiff has failed to state a claim for which relief may be granted under Rule 12(b)(6), Fed. R. Civ. P., and (3) the Amended Complaint should be stricken for failure to comply with Rules 7 and 8, Fed. R. Civ. P. Because the court lacks subject matter jurisdiction over Spencer's claims pursuant to the *Rooker-Feldman*

---

[4]Despite representing to the court on numerous occasions that the Property was purchased as investment property, Spencer alleges in her Amended Complaint that she purchased the Property so that her daughter and niece would have a place to live. *See* Spencer Affidavit, Exhibit A at ¶ 1.

doctrine, the court reaches no decision with respect to defendants' remaining arguments.

Under the *Rooker-Feldman* doctrine, only the Supreme Court has appellate jurisdiction to reverse or modify a state court judgment; lower federal courts lack subject matter jurisdiction to review state court decisions. *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005), citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed.362 (1923), *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The doctrine bars "an action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in federal court would require overturning the state court decision." *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003). Where, however, a party did not have a reasonable opportunity to bring her claim in state court, the *Rooker-Feldman* doctrine would not preclude this court from considering merits of that claim. *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 528, 533 (7th Cir. 2004); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999). Recently, the Supreme Court clarified that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005).

In this case, defendants argue that each of Spencer's claims arises from the foreclosure judgment entered against Spencer by the Circuit Court of Cook County. Paragraph 12 of Spencer's Amended Complaint supports this argument, as her claimed injury in the present matter is the loss of the Property at a judicial sale. *See Holt*, 408 F.3d at 336 (*Rooker-Feldman* doctrine precluded district court from hearing the plaintiff's due process claim because the claimed injury was caused

7

by a state court judgment upholding a tax sale and evicting him from his property). Spencer's claims for alleged violations of the FDCPA, FCRA, and TILA are an attempt to collaterally attack the state court's entry of foreclosure, as they assert implicitly that the judgment of foreclosure was entered wrongfully.

Spencer argues to the contrary, without citation to any authority, that she is not seeking review of any state court judgments but is seeking redress for violations of various federal statutes by defendants.[5] Each of Spencer's federal claims, however, is based on her application for a mortgage, the conduct of the parties during the mortgage application process, her entry into a mortgage agreement, the subsequent repayment agreements, the mortgage foreclosure, and the judgment of foreclosure. Moreover, Spencer raised these allegations in the state court action. *See* Verified Answer to Complaint, Affirmative Defenses, attached as Exhibit B to Defendants' Reply brief. In that action, Spencer alleged that the mortgage was executed in fraud; that the foreclosure was filed without serving notice of strict compliance after creating a *quasi*-contract by taking late payments; and denied that she was delinquent in her payments. *See id.* at ¶¶ 3-5. Spencer also raised the affirmative defenses that Bank One accepted irregular payments without first establishing strict compliance and giving a reasonable time for performance before instituting foreclosure; that the contract was executed in fraud; that Bank One had not responded to a request for validation of the debt according to the Fair Debt Collection Practices Act; that the loan was usurious; that the loan

---

[5]Although the court will consider the merits of the parties' arguments with respect to the application of the *Rooker-Feldman* doctrine, the court notes that Spencer has waived any argument that the *Rooker-Feldman* doctrine does not bar the court from hearing her claims. *See 330 West Hubbard Restaurant Corp. v. United States*, 203 F.3d 990, 997 (7th Cir. 2000) ("[I]t is not the obligation of this court to research and construct the legal arguments open to the parties, especially when they are represented by counsel. . . . In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate to raise a separate basis for appeal.") (internal citations and quotations omitted).

8

was a predatory loan; that Bank One violated its own charter for filing foreclosures and committed *ultra vires*; that Bank One failed to negotiate in good faith and refused to return communications for months; and that the amount claimed in arrears was in error. *See id.* at ¶¶ 6-7, 9, 12-16. Thus, these issues were before the state court at the time that judgment of foreclosure was entered against Spencer, and she had a reasonable opportunity to raise these claims in state court. *See Byrd v. Homecomings Financial Network*, 407 F. Supp. 2d 937, 943 (N.D. Ill. 2005) (stating that the plaintiff had a reasonable opportunity to raise her federal claims in the state court proceedings because state and federal courts have concurrent jurisdiction over TILA and FDCPA claims); *King v. Retailers Nat'l Bank*, 388 F. Supp. 2d 913, 915 (N.D. Ill. 2005) (stating that the FCRA grants concurrent jurisdiction to state and federal courts).[6] In entering the judgment of foreclosure, the Circuit Court of Cook County necessarily rejected Spencer's claims and affirmative defenses. And this court will not review the state court's judgment.

Spencer argues, again without citing to any authority, that there was no final order in the state court foreclosure action until February 24, 2006, when the Circuit Court of Cook County entered an order giving Spencer sixty days to redeem the Property, and, as a result, the *Rooker-Feldman* doctrine does not apply. This argument ignores the dispositive nature of the September 15, 2004 Judgment for Foreclosure and Sale, which states, in part, "[A]ll material allegations of the Complaint and those deemed to be made pursuant to 735 ILCS 5/15-1504(c) 1-11, of the Illinois Code of Civil Procedure are true and proven; and this judgment is fully dispositive of the interests of all defendants. . . ." Defendants' Exhibit A at 1. The judgment further states, "[T]his Judgment is

---

[6]That Spencer is attempting to have the court review and reject the state court's decision is further confirmed by her counsel's representations to Judge Kocoras that the present matter involves similar issues to those raised in the state court proceedings, including Spencer's various motions to vacate the judgment of foreclosure.

entered pursuant to 735 ILCS 5/15-1506 and 735 ILCS 5/15-1603 (b)(i) and (ii) and the Court finds that there is due and owing to plaintiff the sums as set forth in paragraph "A" above." *Id.* at 3. Because the judgment of foreclosure disposed of all of the issues between the parties, it constitutes a final judgment on the merits of the case. *See Joliet Fed. Sav. and Loan Ass'n v. O'Hare Intern. Bank*, 299 N.E.2d 350, 351-52, 12 Ill. App. 3d 1012 (Ill. App. Ct. 1973) ("If a decree of foreclosure is entered in this case, then a final appealable order will have been entered."). *See also Northern Trust Co. v. Halas*, 629 N.E.2d 158, 163, 257 Ill. App. 3d 565 (Ill. App. Ct. 1993) ("A final judgment is one which conclusively adjudicates the rights of the parties; the only act remaining is execution.") (citation omitted). The Circuit Court of Cook County merely retained jurisdiction to enforce the final judgment of foreclosure, which it concluded by approving the foreclosure report of sale and distribution and order for possession and deed in its February 24, 2006 order.

Because Spencer's claims are an effort to overturn the state court judgment of foreclosure by raising claims that were and/or could have been resolved in the state court, this court lacks subject matter jurisdiction over her claims pursuant to the *Rooker-Feldman* doctrine.

## VI. MOTION FOR SANCTIONS

Defendants have moved for Rule 11, Fed. R. Civ. P., sanctions against Spencer and her attorney, Karris A. Bilal, arguing that defendants should be compensated for the unnecessarily increased attorney's fees and costs expended in defending this frivolous action. Under Rule 11(b)(2), an attorney or unrepresented party presenting a pleading or other paper certifies "to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances, . . . the claims, defenses, and other legal contentions are warranted by existing law

or by non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Rule 11(c) provides that sanctions may be imposed against a party or attorney where a court finds that Rule 11(b)(2) has been violated. The central goal of Rule 11 is to deter abusive litigation practices. *Corley v. Rosewood Care Center, Inc. of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004), citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990).

Spencer originally filed this lawsuit *pro se*. Although a *pro se* plaintiff is certainly bound by Rule 11, "the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." Fed. R. Civ. P. 11 Advisory Committee Notes 1983 Amendment, citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Principally, a *pro se* must plead truthfully, but she is not required to know the law. Although there are inconsistent factual averments in Spencer's various pleadings, there is no evidence that Spencer made false representations in her complaints or affidavit. Therefore, no sanction will be imposed against Spencer personally.

As to Spencer's attorney, however, "[l]awyers may be held to higher standards." *Maurice v. Kozel*, 69 F.3d 830, 834 (7th Cir. 1995). The court is entirely unimpressed with counsel's meager efforts to respond to the various arguments raised by defendants in their motions to dismiss and for sanctions. In response to defendants' motion for sanctions, counsel made no attempt to explain the investigation that he undertook with respect to Spencer's claims or his research of pertinent legal authority. Nor did counsel set forth the reasons he believed that despite clear case law that would seem to foreclose his client's claim, he believed the case had at least a colorable chance of success.

Even after this court and Judge Kocoras voiced concerns regarding the ability of Spencer to

maintain her action in this court, Spencer failed to respond meaningfully to defendants' arguments or the court's concerns, as her response to defendants' motion to dismiss was almost entirely devoid of citations to legal authority and legal analysis. Additionally, Spencer's attorney argued that Spencer "has an undisputable right" to file her Amended Complaint against defendants. *See* Spencer's Response to Defendants' Motion for Sanctions Against Plaintiff and Her Attorney at ¶16. This assertion ignores the obligation of counsel to investigate his client's claims and to conduct an inquiry into the relevant law to ensure that the legal contentions are warranted by existing law. As such, the court is persuaded that Spencer's attorney should be sanctioned in some way in order to deter future conduct of this sort, which is detrimental to the administration of justice and costly to opponents who must engage with him in the resolution of civil disputes.

Rule 11, however, is not intended to be a fee-shifting rule. As the Advisory Committee Notes 1993 Amendment advise, sanctions are generally used to deter rather than compensate and only under unusual circumstances, particularly where the court determines that an improper purpose such as harassment was at work (under Rule 11(b)(1)), will the court direct monetary payment to another party.

For these reasons, the court will not award monetary sanctions to defendants in the form of attorney's fees. The court admonishes Mr. Bilal on the record for his failure to adequately respond to defendants' motion for sanctions and his failure to demonstrate that he made a reasonable inquiry into the facts and reached a defensible judgment that Spencer's claims could be supported by existing law.

Accordingly, the court grants in part and denies in part defendants' motion for sanctions under Rule 11, Fed. R. Civ. P. Defendants are awarded their costs.

## VII. ORDER

For the reasons stated above, defendants' motion to dismiss [#46] is granted for lack of subject matter jurisdiction. Defendants' motion for sanctions [#57] is granted in part and denied in part. Defendants are awarded their costs.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: May 4, 2006